**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LLOYD WILLIAMS, *on behalf of himself and all others similarly situated,*<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ENCORE CAPITAL GROUP, INC., MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC,<br><br>　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>: Civil Action No.:  2:19-cv-05252<br>:<br>:<br>:<br>: |

**PLAINTIFF LLOYD WILLIAMS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Plaintiff Lloyd Williams respectfully seeks leave to file a Sur-Reply Brief in Opposition to Defendants' Motion to Compel Arbitration for the limited purpose of responding to the new affidavit and new document produced for the first time with Defendants' reply brief. *See* Doc. 24, Reply Br.; Doc. 24-1, Exhibit A to Reply Br.

**I.　Background**

On March 30, 2020 Defendants filed a Motion to Compel Arbitration and to Stay Proceedings ("Motion"). *See* Doc. 18. Defendants attached the Affidavit of Olimatta Strickland to their opening brief in support of their Motion. *See* Doc. 18-2. In her affidavit, Ms. Strickland identified a putative account agreement that she contended was mailed to Mr. Williams when he opened his Comenity Capital Bank account.

On April 22, 2020, Mr. Williams filed a response brief in opposition to Defendants' Motion. *See* Doc. 22.

On May 6, 2020, Defendants filed a reply brief in support of their Motion. Doc. 24. Defendants attached to their reply brief a Supplemental Affidavit of Olimatta Strickland, in which Ms. Strickland states that a *different* account agreement had been sent to Mr. Williams when he opened his account. *See* Doc. 24-1. This agreement was not produced during discovery and is being presented to Mr. Williams and the Court for the very first time as an exhibit to Defendants' reply brief. Defendants have made no attempt to explain why a new putative agreement is suddenly being produced for the very first time now, or why they provided what they now say is the wrong agreement in discovery and with their opening brief.

## II.     Argument

A sur-reply should be allowed where, as here, it responds to new arguments or evidence raised for the very first time in a reply brief. *Walsh v. Irvin Stern's Costumes*, No. Civ. A. 05-2515, 2006 WL 166509, at *12 (E.D. Pa. Jan, 19, 2006); *St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics, Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013) ("A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments."). This Court's Policies and Procedures permit sur-replies that address new issues raised by opposing counsel. *See* Hon. John M. Gallagher's Policies & Procedures, § II.B.3.

Here, Mr. Williams' proposed sur-reply brief addresses only the new affidavit and document attached to Defendants' reply brief. Because it is limited to arguments responding to new evidence, leave to file Mr. Williams' sur-reply brief should be granted.

## III.    Conclusion

For the reasons described above, Mr. Williams' request for leave to file the sur-reply brief, attached to Mr. Williams' Motion for Leave as Exhibit A, for the limited purpose of addressing the new evidence presented by Defendants in their reply brief, should be granted.

|  | Respectfully submitted, |
|---|---|
|  | */s/ Stephen A. Fogdall* |
| Stephanie Short (Pa. I.D. 324023) | Ira Neil Richards (PA I.D. No. 50879) |
| Schnader Harrison Segal & Lewis LLP | Stephen A. Fogdall (PA I.D. No. 87444) |
| Fifth Avenue Place, Suite 2700 | Schnader Harrison Segal & Lewis LLP |
| 120 Fifth Avenue | 1600 Market St., Suite 3600 |
| Pittsburgh, PA 15222 | Philadelphia, PA 19103 |
|  | (215) 751-2581 |
|  | irichards@schnader.com |
|  | sfogdall@schnader.com |

Dated: May 13, 2020

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2020, a true and correct copy of the foregoing ***Brief in Support of Motion for Leave to File Sur-Reply Brief in Opposition to Defendants' Motion to Compel Arbitration*** was served on all counsel of record via this Court's CM/ECF system.

/s/ *Stephen A. Fogdall*
Stephen A. Fogdall