IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LLOYD WILLIAMS**, *on behalf of himself and all others similarly situated*, | : |
| | : |
| **Plaintiff,** | : |
| | : CASE NO. 2:19-cv-05252-JMG |
| v. | : |
| | : |
| **ENCORE CAPITAL GROUP, INC., MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC** | : |
| | : |
| **Defendants.** | : |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS

Defendants Encore Capital Group, Inc., Midland Credit Management, Inc., and Midland Funding LLC respectfully oppose Plaintiff's Motion for Leave to File a Sur-Reply (ECF 25).

A.   *A sur-reply is unwarranted.*

As this Court noted in *Gentry v. Sikorsky Aircraft Corp.*, 2018 U.S. Dist. LEXIS 204786 (E.D. Pa. 2018), "Sur-reply briefs are seldom necessary. They are appropriate only where a party 'seek[s] to respond to an argument raised for the first time" by an opposing party." *Gentry*, 2018 U.S. Dist. LEXIS at *6 (quoting *NorFab Corp. v. Travelers Indem. Co.*, 555 F. Supp.2d 505, 513 (E.D. Pa. 2008)). Indeed, the Court's Policies and Procedures reiterate this sentiment, warning that "The Court discourages any replies or sur-replies that repeat or rehash previous arguments." *See* Policies and Procedures, Section II(B)(3).

Here, Plaintiff tries to convince the Court that a sur-reply is warranted by characterizing the Second Affidavit of Olimatta Strickland, and the cardholder agreement accompanying it, as "new evidence." ECF 25. But Plaintiff's description mischaracterizes both the plain language of

1

Ms. Strickland's affidavits—both of them—and the language of the cardholder agreements as well. But for an adjustment to the applicable APR, the cardholder agreements—the one in effect at the time Mr. Williams opened his account and the one in effect at the time MF acquired his account—are *identical*. *Cf.* ECF 18-2 *with* ECF 21-1. The language of the arbitration provisions in the two agreements is *identical*. *Id*. And as both of Ms. Strickland's affidavits make unequivocally clear, *no* mail sent to Mr. Williams—whether such mail consisted of a cardholder agreement, an account statement, or any other correspondence—was returned as undeliverable. *Cf.* ECF 18 *with* ECF 21. When the record in this case is viewed *as a whole*, rather than in isolation as Plaintiff suggests it should be, there can be no question that there is nothing "new" about the testimony Ms. Strickland offers or the documents accompanying it. Moreover, Plaintiff's sur-reply does not seek to respond to *an argument* raised for the first time in Defendants' reply; instead, it seeks to rehash Plaintiff's earlier argument regarding Defendants' purported failure to establish that Mr. Williams received and agreed to the terms of the cardholder agreement governing the credit card account he admits he opened and used.

Indeed, Plaintiffs' recently-filed "Notice of Supplemental Authority" confirms Plaintiff's desire to re-tread old ground. Far from simply directing the Court's attention to new legal authority or evidence that was not available to Plaintiff when he filed his Opposition, Plaintiff's Notice instead contains legal argument: it attacks the sufficiency and veracity of the Second Affidavit of Olimatta Strickland, it argues Defendants have made "concessions" regarding Mr. Williams' receipt of cardholder agreements (even though Olimatta Strickland has consistently testified that *none* of the mail sent to Mr. Williams was returned as undeliverable, including the cardholder agreements governing his account), and it concludes by arguing that Defendants' proofs are "not competent to establish the existence of an arbitration agreement." ECF 26. The fact that Plaintiff

2

has improperly used a Notice of Supplemental Authority to repeat the arguments he already raised in his Opposition underscores the lack of any true need for further briefing in this case. As such, Defendants respectfully request that this Honorable Court deny Plaintiff's request for leave to file a sur-reply.

          Respectfully submitted,

          **MESSER STRICKLER, LTD.**

By:    */s/ Lauren M. Burnette*
        LAUREN M. BURNETTE, ESQUIRE
        PA Bar No. 92412
        12276 San Jose Blvd.
        Suite 718
        Jacksonville, FL 32223
        (904) 527-1172
        (904) 683-7353 (fax)
        lburnette@messerstrickler.com
        *Counsel for Defendants*

Dated: May 22, 2020

## CERTIFICATE OF SERVICE

I certify that on May 22, 2020, a true copy of the foregoing document was served as follows:

*Via CM/ECF*
Ira Neil Richards
Stephen A. Fogdall
Schnader Harrison Segal & Lewis LLP
1600 Market St., Suite 3600
Philadelphia, PA 19103
irichards@schnader.com
sfogdall@schnader.com
*Counsel for Plaintiff*

*Via CM/ECF*
Stephanie A. Short
Schnader Harrison Segal & Lewis LLP
Fifth Avenue Place, Suite 2700
120 Fifth Ave.
Pittsburgh, PA 15222
sshort@schnader.com
*Counsel for Plaintiff*

**MESSER STRICKLER, LTD.**

By:   */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
12276 San Jose Blvd
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
*Counsel for Defendants*

Dated: May 22, 2020