IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LLOYD WILLIAMS, *on behalf of himself and all others similarly situated*, : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ENCORE CAPITAL GROUP, INC., *et al.*, : <br> Defendants. : | Civil No. 2:19-cv-05252-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                    **August 29, 2022**

**I.   OVERVIEW**

This Court entered summary judgment against Plaintiff on the basis that all his claims were preempted by section 27 of the Federal Deposit Insurance Act (the "FDIA"), as interpreted by a rule recently promulgated by the Federal Deposit Insurance Corporation (the "FDIC"). Plaintiff has asked the Court to reconsider its decision. For the reasons set forth below, the Court denies Plaintiff's request.

**II.   FACTUAL BACKGROUND**

The facts and procedural history of this case are set forth in greater detail in the Court's opinion resolving Defendants' motion for summary judgment. *See* ECF No. 87 at 2–3. But the essential facts are as follows.

Plaintiff owed a debt to Comenity Capital Bank, and Comenity assigned that debt to Defendants. Plaintiff's debt included interest charges that had accrued at an annual rate between 24.99% and 25.99%. When Defendants made efforts to collect Plaintiff's debt, Plaintiff filed this lawsuit.

Plaintiff brought a variety of claims against Defendants, but the core of each of these claims was that Defendants' collection efforts violated Pennsylvania's usury law, the Loan Interest and Protection Law (the "LIPL"). Plaintiff claimed that Defendants' collection efforts violated the LIPL because the interest on Plaintiff's debt exceeded the LIPL's maximum annual rate of six percent. Comenity, as a federally insured, state-chartered bank, had authority under section 27 of the FDIA to disregard the LIPL's maximum rate. But Defendants are not state-chartered, federally insured banks. Plaintiff argued Defendants, not being state chartered, federally insured banks, were bound by the LIPL and prohibited from collecting the portion of Plaintiff's debt that resulted from interest charges in excess of the LIPL's maximum rate.

The Court granted Defendants' motion for summary judgment. The Court's decision rested on a rule recently promulgated by the FDIC that interprets section 27 of the FDIA to preempt state usury laws not only when they interfere with state-chartered, federally insured banks' efforts to make loans but also when they interfere with a state-chartered, federally insured bank's assignee's efforts to collect on those loans. *See* "Federal Interest Rate Authority," 85 Fed. Reg. 44,146-01 (Jul. 22, 2020) (codified at 12 C.F.R. § 331.1–4) (providing that, "if [a] loan was not usurious at [its] inception, the loan cannot become usurious at a later time, such as upon assignment, and the assignee may lawfully charge interest at the rate contained in the transferred loan").

Plaintiff has asked this Court to reconsider its summary judgment decision. Plaintiff has also filed a notice of appeal to the Third Circuit. Plaintiff's motion for reconsideration is presently before the Court.

**III.    LEGAL STANDARD**

A motion for reconsideration may be granted to correct a "clear error of law." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013); *see also* Fed. R. Civ. P. 60(b)(1). But motions for reconsideration should be granted only "sparingly." *Pa. Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992). They should not be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks and citation omitted).

**IV.    ANALYSIS**

Plaintiff argues that this Court's summary judgment decision was erroneous for three reasons. First, and for the first time, Plaintiff argues that the Third Circuit held in *In re Community Bank of Northern Virginia*, 418 F.3d 277 (3d Cir. 2005) ("*Community Bank*"), that the FDIA *unambiguously* excludes non-bank purchasers of debt from its coverage and that deference to the FDIC's contrary interpretation would, therefore, be inappropriate. Second, and also for the first time, Plaintiff argues that the FDIC's rule cannot apply to Plaintiff's debts because such an application would be impermissibly retroactive. Third, Plaintiff repeats his arguments that Pennsylvania's Loan Interest Protection Law (the "LIPL") fits within the FDIC's rule's exception for "licensing or regulatory requirements."

From the outset, the Court should deny Plaintiff's motion simply because Plaintiff has failed to identify an appropriate basis for reconsideration. Each of Plaintiff's bases for reconsideration reflects either a new argument that could have been presented before judgment was entered or a reprisal of an argument that the Court addressed in its original decision. It would be inappropriate for the Court to grant a motion to reconsider under either of those

3

circumstances. *See Waye v. First Citizens Nat. Bank*, 31 F.3d 1175 (3d Cir. 1994) (reasoning that a motion for reconsideration should "not to be used . . . to reargue matters already argued and disposed of" or "to put forth additional arguments which could have been made but which the party neglected to make before judgment").

But, because Plaintiff will likely be presenting these arguments to the Third Circuit, this Court will address the merits of Plaintiff's new arguments[1] in the interest of judicial economy. The Court finds each new argument unpersuasive.

### a. *Community Bank* did not implicitly hold section 27 of the FDIA to be unambiguous.

In *Community Bank*, the Third Circuit made only one statement about the FDIA's application to non-bank purchasers of state-chartered, federally insured banks' loans. Specifically, the Third Circuit opined as follows:

> Sections 85 and 86 of the NBA and [section 27 of the FDIA][2] apply only to national and state chartered banks, not to non-bank purchasers of second mortgage loans such as RFC. *See, e.g., Weiner v. Bank of King of Prussia,* 358 F.Supp. 684, 687 (E.D.Pa.1973) (stating that NBA "regulates national banks and only national banks, which can be identified by the word 'national' in their name").

*In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 296 (3d Cir. 2005).

Plaintiff argues that this single sentence should be understood as a declaration by the Third Circuit that section 27 of the FDIA *unambiguously* excludes non-bank purchasers of

---

[1] In the Court's summary judgment decision, the Court considered and rejected Plaintiff's argument that the LIPL falls into the FDIC's rule's exception for state "licensing or regulatory requirements." *See* ECF No. 87 at 6–7. Plaintiff's motion for reconsideration does not present any new legal or factual information that would give the Court a reason to reconsider or elaborate upon its analysis of this argument, so the Court does not revisit that argument in this opinion.

[2] Courts refer to the authority codified at 12 U.S.C. § 1831d in a variety of ways. Some courts refer to this authority as section 521 of the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA"). Other courts refer to this authority as section 27 of the Federal Deposit Insurance Act of 1950. For the sake of clarity and consistency, the Court refers to this provision as section 27 of the FDIA throughout this opinion.

debt—like Defendants—from its scope. If Plaintiff's reading of *Community Bank* is correct, then this Court would be precluded from deferring to the FDIC's contrary interpretation of section 27 of the FDIA. *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005).

But this Court cannot agree with Plaintiff's reading of *Community Bank*. Plaintiff is correct that a court's prior construction of a statute may trump an agency's subsequent construction of the statute even when the court did not use "magic words" like "unambiguous" in its opinion. *See Bastardo-Vale v. Atty. Gen.*, 934 F.3d 255, 259 n.1 (3d Cir. 2019). But a court must have actually engaged in statutory interpretation before its opinion can be read to have held a statute's meaning to be unambiguous and to have withdrawn the issue from an agency's expertise and discretion implicitly. *See id.* (reasoning that a prior judicial opinion had implicitly held a statute's meaning unambiguous because the opinion had focused on the statute's "plain language and structure"); *see also United States v. Home Concrete & Supply, LLC*, 566 U.S. 478, 488–89 (2012) (concluding that a prior judicial opinion had implicitly held a statute's meaning unambiguous because the judicial opinion had considered "textual argument" and "legislative history").

In *Community Bank*, the Third Circuit did not engage in statutory interpretation in any way. Instead, it merely cited to a district court opinion that itself did not interpret the FDIA and was in fact about a different statute than the FDIA. This Court cannot find any basis in *Community Bank* to conclude that the Third Circuit, through a single conclusory sentence about section 27 of the FDIA, implicitly held that the provision unambiguously excludes non-bank debt purchasers from its coverage. Since *Community Bank* did not hold, implicitly or explicitly, that

5

section 27 of the FDIA is unambiguous in its meaning, it remained appropriate for this Court to defer to the FDIC's interpretation of that provision.

### b. Applying the FDIC's rule to Plaintiff's debts does not give the rule impermissible retroactive effect.

Both Plaintiff's debts and this lawsuit predate the FDIC rule interpreting the FDIA to preempt state usury laws from applying to the assignees of loans issued by state-chartered, federally insured banks. Plaintiff argues that applying the rule to his debts and this lawsuit is an "impermissible retroactive application" of an administrative rule. *New Cingular Wireless PCS LLC v. Zoning Bd. of Adjustment of Borough of North Haledon*, 469 F. Supp. 3d 262, 278 (D.N.J. 2020); *see also Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208–09 (1988) (concluding that an agency may not promulgate retroactive rules unless expressly authorized to do so by Congress).

But Plaintiff's argument fails because the FDIC's rule merely clarifies the rights and obligations that have always existed under section 27 of the FDIA. When an administrative rule merely clarifies the law rather than making a substantive change to the law, "the application of that new rule to pre-promulgation conduct necessarily does not have an impermissible retroactive effect." *Levy v. Sterling Holding Company, LLC*, 544 F.3d 493, 506 (3d Cir. 2008). In the Third Circuit, courts consider four factors when deciding whether a rule represents a clarification or a substantive change: (1) whether the text of the old regulation was ambiguous, (2) whether the new regulation attempts to resolve that ambiguity, (3) whether the new regulation's resolution of the ambiguity is consistent with the text of the old regulation, and (4) whether the new regulation's resolution of the ambiguity is consistent with the agency's prior treatment of the issue. *Id.* at 506–07. In this analysis, the courts of this circuit specifically do not consider

6

whether the administrative rule "conflicts with a judicial interpretation of the pre-amendment law." *Id.* at 507.

Here, the text of section 27 of the FDIA is ambiguous. Indeed, it is entirely silent as to the effect state usury laws should have on a state-chartered, federally insured bank's ability to assign its loans to non-bank entities. The FDIC's rule attempts to resolve this ambiguity by providing that state-chartered, federally insured banks *can* assign their loans to non-bank entities without any consequence to the interest collectible on those loans. The FDIC has never promulgated a rule or policy statement on this issue before, so it cannot be said whether the new rule is consistent or inconsistent with prior agency practice. But the FDIC's interpretation of section 27 of the FDIA is consistent with longstanding common law precedents on the effect of assignment on the interest collectible on a loan. *See Planters' Bank v. Sharp*, 47 U.S. 301, 323 (1848) (reasoning that a bank's power to "discount[] notes and manag[e] property" necessarily implies that the bank may "assign, or sell those notes"); *Tivoli Ventures, Inc. v. Bumann*, 870 P.2d 1244, 1248 (Colo. 1994) ("As a general principle of contract law, an assignee stands in the shoes of the assignor."); *Gould v. Jackson*, 42 NW2d 489, 490 (Wis. 1950) (assignee "stands exactly in the shoes of [the] assignor," and "succeeds to all of his rights and privileges").

Plaintiff argues that the FDIC's rules goes beyond mere clarification because it is inconsistent with *Community Bank* and was promulgated with the specific purpose of rejecting the Second Circuit's decision in *Madden v. Midland Funding, LLC*, 786 F.3d 246 (2d Cir. 2015). But the rule's inconsistency with prior judicial interpretations of section 27 of the FDIA is categorically irrelevant to determining whether the rule represents a clarification of or change in the law. *Levy*, 544 F.3d at 507. Indeed, it could be argued that the FDIC decided to issue a rule

clarifying the law specifically because developments in "the caselaw" rendered the statute's "ambiguity . . . apparent." *Id.*

In light of this analysis, the Court must conclude that the FDIC's rule is a clarification of the law rather than a change in the law, so applying the rule to Plaintiff's debt cannot run afoul of the law's disfavor for retroactive rules.

## V.     CONCLUSION

Plaintiff has not identified any reason for the Court to reconsider its summary judgment decision. *Community Bank* did not implicitly hold section 27 of the FDIA to have a single, unambiguous meaning, and applying the FDIC's rule cannot be impermissibly retroactive because the rule is merely a clarification of what the law has always been. Accordingly, the Court must deny Plaintiff's motion for reconsideration.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge